Filed 11/15/13  P. v. Robinson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058842 |
| v. | (Super.Ct.No. FWV04511) |
| GEORGE HERMAN ROBINSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Michelle Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## FACTS AND PROCEDURAL HISTORY

On March 23, 1995, a jury convicted defendant George Herman Robinson of robbery (count 1 – Pen. Code, § 211)[1] and evading police (count 2 – Veh. Code, § 2800.2).[2] In a bifurcated proceeding thereafter, a jury found true allegations a principal in the robbery was armed with a firearm as to the count 1 offense (§ 12022, subd. (a)(1)) and that defendant suffered 11 prior strike convictions (former § 667, subds. (b)-(i)) and two prior prison terms (former § 667, subd. (a)). On May 17, 1995, the trial court sentenced defendant to an indeterminate term of imprisonment of 25 years to life.[3]

On his initial appeal, defendant raised six contentions: 1) the trial court erred in its instructions to the jury on aiding and abetting; 2) the court abused its discretion in denying his motion for new trial predicated on prosecutorial mentions of defendant's prior criminality; 3) the court failed properly to consider defendant's new trial motion based on ineffective assistance of counsel at trial; 4) the sentencing court erroneously applied the then new "Three Strikes" law to defendant's prior strike convictions predating

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] We take judicial notice of our opinion in case No. E016355, the direct appeal from defendant's conviction and judgment.

[3] In our opinion in case No. E016355, we modified defendant's sentence to include imposition of the two mandatory five-year enhancements (§ 667, subds. (a) & (d)) for an additional 10 years. Thus, defendant's sentence became an indeterminate term of 35 years to life.

that law; 5) the matter should have been remanded for exercise of the sentencing court's discretion under *Romero*;[4] and 6) the Three Strikes law was unconstitutionally vague.

We affirmed the judgment, but modified defendant's sentence to impose the two, mandatory five-year enhancements (§ 667, subds. (a) & (d)) for an additional 10 years. With respect to defendant's *Romero* argument, we noted neither his counsel below nor the sentencing court moved for or considered striking any of defendant's prior strike convictions. However, defendant's extensive record of serious criminal behavior; repeated felony offenses committed while on probation or parole; and actions in the underlying case in which defendant aided and abetted a bank robbery committed with a firearm and fled police endangering other motorists and pedestrians, demonstrated it would have been an abuse of discretion for a sentencing court to strike any of defendant's prior convictions. Thus, we held no remand under *Romero* was warranted.

On February 15, 2013, defendant filed a petition for recall of sentence in the superior court pursuant to section 1170.126. Defendant requested the court strike his count 2 offense and one of his prior strike convictions under count 1. In support of defendant's requests, defendant attached a number of documents purportedly establishing defendant's changed circumstances in the interim between his latest conviction and the filing of his petition. On May 6, 2013, the court denied defendant's petition.

---

[4] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

DISCUSSION

After the notice of appeal was filed, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, a brief statement of the facts, and identifying one potential arguable issue: whether the trial court abused its discretion in denying defendant's petition pursuant to section 1170.126 and request to strike a prior strike pursuant to section 1385. (Citing *People v. Conley* (2013) 215 Cal.App.4th 1482, review granted and opinion superseded by *People v. Conley*, 2013 Cal. LEXIS 6683 (August 14, 2013, S211275).)

Defendant was offered an opportunity to file a personal supplemental brief, which he has done. In his brief, defendant reiterates the claims made in his petition, i.e., the court should strike defendant's count 2 conviction and strike one of his prior strike convictions under count 1.

First, section 1170.126 neither permits the striking of substantive counts nor prior strike allegations; rather, it is a resentencing procedure. Thus, defendant's argument that the court should have stricken count 2 or a prior strike conviction under count 1 fails because *Romero* is inapplicable to section 1170.126 resentencing. Moreover, even if the court had complied with defendant's request, it would not have changed his sentence; he would still be serving a 35-year- to-life indeterminate term. The mandatory sentence for the violent felony of robbery with 10 prior strike convictions and two prior prison terms

4

is still an indeterminate term of imprisonment of 35 years to life. (§ 667, subds. (a)(1) & (e)(2)(A)(ii).) Second, as defendant admits, the jury convicted him of a violent felony, bank robbery, making him ineligible for resentencing pursuant to section 1170.126. (§§ 1170.126, subd. (e)(2), 667, subd. (e)(2)(C), 667.5, subd. (c)(9).)

Third, all defendant's 11 prior strike convictions are robberies which would, likewise, qualify as violent felonies, making him ineligible for resentencing under section 1170.126 regarding either count 1 or 2. (§§ 1170.126, subd. (e)(2), 667, subd. (e)(2)(C), 667.5, subd. (c)(9).) Fourth, with respect to 10 of defendant's prior robbery convictions, allegations defendant personally used a firearm were found true (§ 12022.5.). Thus, 10 of his prior convictions would doubly qualify as violent felonies, making him ineligible for resentencing pursuant to section 1170.126. (§§ 1170.126, subd. (e)(2), 667, subd. (e)(2)(C), 667.5, subd. (c)(8).) Thus, the court properly denied defendant's motion for resentencing. Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


KING
J.